3194.000

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| **BLAKE COLLINS,** | |
| Plaintiff, | |
| v. | No.: **14-cv-05500** |
| **ESTATE OF SHAUNDA BOND, Deceased, JUAN BELMONTES, ARMANDO UGARTE, JEFFERY RUMBAUGH, BERNARD VELETA, ARTURO VILLANUEVA,** and **CITY OF CHICAGO**, AN Illinois Municipal Corporation, | Honorable Courtroom: |
| Defendants. | |

## COMPLAINT

NOW COMES the Plaintiff, Blake Collins, by and through his attorneys, Ekl, Williams & Provenzale LLC, and complaining of the Defendants, Estate of Shaunda Bond, Deceased, Juan Belmontes, Armando Ugarte, Jeffery Rumbaugh, Bernard Valeta, Arturo Villanueva and the City of Chicago, and Illinois Municipal Corporation, upon information and belief, states as follows:

### Introduction

1.      This action is brought seeking damages to redress the individual and/or concerted conduct of the Defendants which constitute violations of the Plaintiff's rights guaranteed under the Fourth Amendment to the Constitution of the United States of America, and for violations of Illinois common law for the

intentional torts of Malicious Prosecution, Battery and Intentional Infliction of Emotional Distress. Specifically the Plaintiff seeks recovery of compensatory and exemplary damages for his false detention and false arrest by the individual and/or concerted action (or inaction) of the Defendants that resulted in a false arrest and malicious prosecution of the Plaintiff for an alleged criminal violation of Illinois law, and his severe and permanent injuries sustained as a result of the individual and/or concerted action of the Defendants physical and verbal brutality of the Plaintiff.

## Jurisdiction and Venue

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343(a)(3), as the Federal Claims are brought under 42 U.S.C. §1983, and venue pursuant to 28 U.S.C. §1391(b), as the parties reside in this district and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), as the claims arise out of the same nucleus of operative facts.

## The Parties

3. The Plaintiff, Blake Collins, was at all relevant times a resident of the Village of Bellwood, County of Cook, State of Illinois, and as a citizen of the United States of America enjoyed all rights and liberties guaranteed by the Constitution of the United States of America and all Amendments thereto.

4. The Defendant, Estate of Shaunda Bond, Deceased, at all relevant times represented and constitutes the surviving legal entity of the person of Shaunda Bond, a person who was employed as a Chicago Police Officer and upon

information and belief resided within the boundaries of the United States District Court of the Northern District of Illinois Eastern Division, and at all times relevant hereto who acted within the scope of her employment and under color of law. She is sued in her individual capacity, and the Estate will be hereinafter referred to as "Bond."

5. The Defendant, Juan Belmontes, at all relevant times was employed as a Chicago Police Officer and upon information and belief resides within the boundaries of the United States District Court of the Northern District of Illinois Eastern Division, and at all times hereto acted within the scope of his employment and under color of law. He is sued in his individual capacity, and will be hereinafter referred to as "Belmontes."

6. The Defendant, Armando Ugarte, at all relevant times was employed as a Chicago Police Officer and upon information and belief resides within the boundaries of the United States District Court of the Northern District of Illinois Eastern Division, and at all times hereto acted within the scope of his employment and under color of law. He is sued in his individual capacity, and will be hereinafter referred to as "Ugarte."

7. The Defendant, Jeffery Rumbaugh, at all relevant times was employed as a Chicago Police Officer and upon information and belief resides within the boundaries of the United States District Court of the Northern District of Illinois Eastern Division, and at all times hereto acted within the scope of his employment and under color of law. He is sued in his individual capacity, and will be

hereinafter referred to as "Rumbaugh."

8.    The Defendant, Bernard Veleta, at all relevant times was employed as a Chicago Police Officer and upon information and belief resides within the boundaries of the United States District Court of the Northern District of Illinois Eastern Division, and at all times hereto acted within the scope of his employment and under color of law.  He is sued in his individual capacity, and will be hereinafter referred to as "Veleta."

9.    The Defendant, Arturo Villanueva, at all relevant times was employed as a Chicago Police Officer and upon information and belief resides within the boundaries of the United States District Court of the Northern District of Illinois Eastern Division, and at all times hereto acted within the scope of his employment and under color of law.  He is sued in his individual capacity, and will be hereinafter referred to as "Villanueva."

10.    At all relevant times, the Defendant, City of Chicago, was a municipal corporation organized and chartered under the laws of the State of Illinois, employed each of the above defendants and is obligated to indemnify employees for judgments resulting from conduct occurring within the scope of employment.

## Facts Common to All Counts of the Complaint

11.    In the early morning hours of July 30, 2012, the Plaintiff, Blake Collins, was walking on the sidewalk on the 1300 block of East 88th Street in the City of Chicago, County of Cook, State of Illinois.  At this time and in the substantial time prior thereto, the Plaintiff was not violating and had not violated

any law, statute or ordinance of any jurisdiction.

    12.    In the early morning hours of July 30, 2012, the Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva were investigating a disturbance in the area of the 8700 block of S. Dorchester in Chicago, Illinois, involving 3 black males driving in a white Chrysler.

    13.    While Plaintiff was walking on the sidewalk, the Defendants, Bond and Belmontes, without legal justification, a warrant or other lawful basis, drove up to the Plaintiff's location in their vehicle, stopped and exited and arrested the Plaintiff by ordering him to stop and come to them and by physically grabbing him. At around the same time, the Defendants, Ugarte, Rumbaugh, Veleta and Villanueva also pulled up to the Plaintiff's location and immediately exited their vehicles, assisting in the arrest of the Plaintiff by approaching and/or surrounding him.

    14.    Plaintiff protested asking why the Defendants were grabbing him and arresting him, in response to which the Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva, individually and/or through concerted action and without any lawful justification in the form of probable cause, reasonable articulable suspicion, or other legal justification to effect the detention of the Plaintiff or to use force against him, grabbed the Plaintiff and threw him to the ground face first, and continued to punch the Plaintiff in the face, and strike and kick him about his body ultimately handcuffing him.

    15.    During the above events, each of the Defendants, Bond, Belmontes,

Ugarte, Rumbaugh, Veleta and Villanueva, observed the above unlawful detention of and unreasonable use of force against the Plaintiff by the other Defendant officer(s). Despite the reasonable opportunity and the apparent justification for the need to do so, each of the Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva, failed to intervene to prevent the violations of the Plaintiff's Constitutional rights described herein by other Defendant(s).

16. At some point after this unlawful detention of and unreasonable use of force against the Plaintiff, the Plaintiff was transported to the 6th District police station where he was charged with battery and resisting arrest by Defendants, Bond and Belmontes. The Defendants, Bond and Belmontes, also caused the Plaintiff to be charged with assault and criminal trespass on the alleged complaint of Christina McCorkle, despite the fact that this person never identified or named the Plaintiff as having committed any offense, much less those charged, and despite there being no facts known to these Defendants establishing probable cause to charge him for violating any law, statute or ordinance of any jurisdiction.

17. At no time prior to or during all of the above events had the Plaintiff committed, was committing or was about to commit a violation of any law, statute or ordinance of any jurisdiction.

18. In addition to the above facts, prior to, during and after transport to the 6th District station, the Plaintiff was unlawfully and unreasonably further detained and searched.

19. Thereafter, the Defendants, Bond, Belmontes, Ugarte, Rumbaugh,

Veleta and Villanueva, individually and/or through concerted action, prepared and filed false reports and statements creating a record through these false factual accounts in efforts to justify the unlawful detention and arrest of the Plaintiff, the unreasonable use of force against him, and the malicious prosecution of the Plaintiff.

20.     On January 30, 2014, the battery and resisting arrest charges filed and/or initiated against Plaintiff without probable cause by Defendants, Belmontes and Bond, were terminated in the Plaintiff's favor in a manner indicative of actual innocence.


<u>Count I</u>
**Fourth Amendment Violation**
**Unlawful Detention / False Arrest (Conspiracy)**
**42 U.S.C. §1983**

21.     Plaintiff incorporates herein ¶3 through ¶20, above, as though fully set forth hereunder.

22.     At all relevant times, the Plaintiff, Blake Collins, enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in his personal effects and property.

23.     At all relevant times, the Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action, in that

they agreed, through explicit or implicit means, to effect the unlawful detention and arrest of the Plaintiff, Blake Collins, without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ, or other factual or legal justification.

24.     In furtherance of said agreement, the Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva, individually and/or through concerted action, unlawfully detained and arrested the Plaintiff, manufactured and fabricated evidence against him and failed to intervene in observed constitutional violations by one or more other Defendant(s).

25.     At all times relevant hereto, the Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva, were acting under color of law and within the scope of each's employment, and their individual and/or concerted conduct as described herein above was unreasonable and without any lawful justification.

26.     Defendants' individual acts and/or conspiracy as described above violated Plaintiff's right to be free from unreasonable searches and seizures as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, Blake Collins, demands judgment against the Defendants,  Estate of Shaunda Bond, Juan Belmontes, Armando Ugarte, Jeffrey Rumbaugh, Bernard Veleta and Arturo Villanueva, jointly and severally, for

compensatory and punitive damages in a sum in excess of $50,000.00, and for his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

<u>Count II</u>
**Fourth Amendment Violation**
**Excessive Force (Conspiracy)**
**42 U.S.C. §1983**

27.      Plaintiff incorporates herein ¶3 through ¶26, above, as though fully set forth hereunder.

28.      At all relevant times, the Plaintiff, Blake Collins, enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in his personal effects and property, including freedom from the use of unreasonable and/or excessive force against him.

29.      At all relevant times, the Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action in that they agreed, through explicit or implicit means, to effect the unlawful and unreasonable use of force against the Plaintiff, Blake Collins, without lawful justification.

30.      In furtherance of said agreement, the Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva, individually and/or through concerted action, unlawfully physically assaulted and/or brutalized the Plaintiff and, manufactured and fabricated evidence against him and failed to intervene in

observed constitutional violations by one or more other Defendant(s).

31.     As described above, the conduct of the Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva, was under color of law and within the scope of employment, and was not objectively reasonable and constituted an unreasonable seizure and excessive use of force in violation of the Fourth Amendment to the Constitution of the United States.

32.     As the proximate result of the individual and/or concerted unlawful and excessive use of force by the Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva, which violated the rights of the Plaintiff, Blake Collins, has suffered, and continues to suffer, severe damages including personal injury, loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, Blake Collins, demands judgment against the Defendants,  Estate of Shaunda Bond, Juan Belmontes, Armando Ugarte, Jeffrey Rumbaugh, Bernard Veleta and Arturo Villanueva, jointly and severally, for compensatory and punitive damages in a sum in excess of $50,000.00, and for his attorneys' fees and costs pursuant to 42 U.S.C. §1988.

<u>Count III</u>
**Fourth Amendment Violation**
**Failure To Intervene**
**42 U.S.C. §1983**

33.    Plaintiff incorporates herein ¶3 through ¶32, above, as though fully set forth hereunder.

34.    At all relevant times, the Plaintiff, Blake Collins, enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be secure in his personal effects and property, including the use of excessive force against him.

35.    During the events described above, each of the Defendants officers, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva, stood by and failed to intervene to prevent the unconstitutional arrest and/or physical violence to which Plaintiff was being subjected at the hands one or more of the other Defendant(s).

36.    As the proximate result of the failure of Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva, to intervene on behalf of the Plaintiff to prevent his unlawful arrest and the use of excessive force against him, despite the clear need and reasonable opportunity to do so, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, Blake Collins, demands judgment against the Defendants, Estate of Shaunda Bond, Juan Belmontes, Armando Ugarte, Jeffrey Rumbaugh, Bernard Veleta and Arturo Villanueva, jointly and severally, for compensatory and punitive damages in excess of $50,000.00 , and for his attorneys'

fees and costs pursuant to 42 U.S.C. §1988.

**Count IV**
**Illinois State Common Law**
**Malicious Prosecution - Conspiracy**

37.    Plaintiff incorporates herein ¶3 through ¶36, above, as though fully set forth in this paragraph.

38.    At all relevant times, the Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva, lacked probable cause to detain, arrest and/or charge the Plaintiff for a violation of any law, statute or ordinance of any jurisdiction.

39.    At all relevant times, the Defendants were acting within the scope of their employment with the Defendant, City of Chicago, and were its duly appointed agents and employees.

40.    At all relevant times, the Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva , as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to falsely and maliciously charge the Plaintiff with violations of the Illinois Criminal Code without probable cause to do so.

41.    As set forth above, and in furtherance of said agreement, the Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva, individually and/or through concerted action, falsified police reports, filed false criminal charges initiating judicial proceedings, and fabricated incriminating

evidence.

42.     As set forth above, the criminal charges filed through the individual and/or concerted actions of the Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva, were filed with malice and disposed of in favor of the Plaintiff in a manner indicative of the actual innocence of the Plaintiff.

43.     As the proximate result of the false and malicious prosecution as set forth above, the Plaintiff has suffered and will continue in the future to suffer injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, Blake Collins, demands judgment against the Defendants, Estate of Shaunda Bond, Juan Belmontes, Armando Ugarte, Jeffrey Rumbaugh, Bernard Veleta, Arturo Villanueva and the City of Chicago, jointly and severally, for compensatory damages, and against the defendants, Estate of Shaunda Bond, Juan Belmontes, Armando Ugarte, Jeffrey Rumbaugh, Bernard Veleta and Arturo Villanueva, for punitive damages, in a sum in excess of $50,000.00.

## Count V
## State Law - Indemnity

44.     Plaintiff incorporates by reference herein ¶3 through ¶43 above, as though fully set forth herein.

45.     At all relevant times, Defendants, Bond, Belmontes, Ugarte, Rumbaugh, Veleta and Villanueva, were acting on behalf of and/or within the scope of their employment with the Defendant, City of Chicago.

46.     As a result of Defendants' conduct, Plaintiff is seeking monetary damages, attorney's fees, costs and interest.

47.     Illinois law directs local public entities to pay any tort judgment or settlement for which it or an employee while acting within the scope of his employment is liable.  745 ILCS 10/9-101 (West 2013).

WHEREFORE, the Plaintiff, Blake Collins, demands judgment against the Defendants, City of Chicago, as indemnor, for compensatory damages awarded against or agreed to be paid by the Defendants, Estate of Shaunda Bond, Juan Belmontes, Armando Ugarte, Jeffrey Rumbaugh, Bernard Veleta and Arturo Villanueva, as such amounts may be adjudged or determined, that any law enforcement, court or other official record created or generated as a result of the unconstitutional acts alleged herein be expunged, and any other relief the Court deems just and appropriate.

*Plaintiff demands trial by jury on all issues so triable.*

By: s/ Patrick L. Provenzale
Terry A. Ekl, #0727105
Patrick L. Provenzale, #6225879
Tracy Stanker, #6274868
Ekl, Williams & Provenzale LLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-0150 *Facsimile*
tekl@eklwilliams.com
pprovenzale@eklwilliams.com
tstanker@eklwilliams.com

By: s/ Gabrielle R. Sansonetti
Gabrielle R. Sansonetti
The Law Offices of Gabrielle Sansonetti
53 West Jackson Blvd., #1062
Chicago, IL 60604
(312) 588-1281
(312) 588-1284 FAX
gabrielle@sansonetti-law.com